### UNITED STATES

v.

### Hancho C. KIM.

### Cr. No. 79–180.

United States District Court, District of Columbia.

June 15, 1979.

John T. Kotelly, Dept. of Justice, Washington, D.C., for plaintiff.

David Povich, Washington, D.C., for defendant.

## MEMORANDUM OPINION

JOHN LEWIS SMITH, Jr., District Judge.

This matter comes before the Court on defendant Hancho C. Kim's motions to dismiss the April 10, 1979, indictment charging him with refusing to answer a question posed by the Committee on Standards of Official Conduct in contempt of Congress, 2 U.S.C. § 192. Defendant seeks dismissal on numerous grounds, including the assertion that the question violated a lawful immunity order and his rights under the Fifth Amendment to the Constitution.

On September 27, 1977, Kim was indicted in the District of Columbia and Baltimore, Maryland, for conspiring to corrupt and improperly influence the Congress, testifying falsely before the District of Columbia grand jury and income tax evasion. Before he could be tried on these charges, Kim was subpoenaed to testify before the committee. Upon being informed by Kim's counsel that Kim would assert his Fifth Amendment privilege against self-incrimination, the committee obtained an immunity order pursuant to 18 U.S.C. §§ 6002 and 6005. This order contained the standard statutory admonition that no testimony compelled or indirectly derived from the testimony "may be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order." During November, 1977, Kim testified before the committee on four occasions.

The defendant was convicted in the District of Columbia on April 18, 1978, of the charges of conspiracy and perjury. Specifically, the jury found that Kim had lied when he denied before the grand jury that he had received $600,000 from Sang Keun Kim, a Korean Central Intelligence Agent. On May 15, four days prior to sentencing, Kim was recalled before the committee and asked a single question: "Did there come a time when you received money from Sang Keun Kim?" Through his counsel, the defendant refused to answer the question on the basis of his Fifth Amendment privilege against compulsory self-incrimination. As a result of this refusal, the committee report recommending that Hancho C. Kim be cited for contempt of Congress was certified by vote of the House of Representatives to the United States Attorney.

The government argues that because Kim did not, in fact, testify, this Court does not have before it a ripe factual context in which to decide defendant's motion to dismiss for breach of immunity and violation of Fifth Amendment rights. However, this argument ignores the recent Supreme Court decision in *New Jersey v. Portash*, — U.S. ——, 99 S.Ct. 1292, 59 L.Ed.2d

501 (1979), holding that federal law did not require a witness to testify in a state proceeding in order to raise the claim that use of his immunized grand jury testimony for impeachment purposes was violative of his Fifth Amendment rights. Likewise, it was not necessary for Kim to have testified before the committee in order to seek dismissal of the indictment for violations of his Fifth Amendment privilege.

 Under 18 U.S.C. § 6002, a witness can be compelled by Court order to testify over a claim of privilege on the basis that no testimony so compelled or information directly or indirectly derived therefrom can be used against the witness in any criminal case, except a prosecution for perjury. The Supreme Court in *Kastigar v. United States* found that this statute was consonant with the Fifth Amendment standards on the basis that:

> Its sole concern is to afford protection against being "forced to give testimony leading to the infliction of 'penalties affixed to . . . criminal acts.'" [Citation omitted]. Immunity from the use of compelled testimony as well as evidence derived directly and indirectly therefrom, affords this protection. It prohibits the prosecutorial authorities from using the compelled testimony in *any* respect, and it therefore insures that the testimony cannot lead to the infliction of criminal penalties.

406 U.S. 441, 453, 92 S.Ct. 1653, 1661, 32 L.Ed.2d 212 (1972).

The fact that a witness may be prosecuted for perjury has been repeatedly found to be an insufficient basis for refusing to testify on Fifth Amendment grounds after a Court has ordered immunity under § 6002. *See, United States v. Berardelli*, 565 F.2d 24 (2nd Cir. 1977); *United States v. Frumento*, 552 F.2d 534 (3rd Cir. 1977). However, present in the instant case is the unique fact that there was a pending criminal proceeding against Kim in which a jury had found beyond a reasonable doubt that Kim's previous answer of "no" to the question asked by the committee was perjurious. Thus, the grant of immunity under the stat-ute afforded Kim insufficient protection against use of his answer in the pending criminal proceeding for perjury. It was not "coextensive with the scope of [his] privilege against self-incrimination," and could have resulted in the "infliction of criminal penalties." *United States v. Kastigar, supra*, 406 U.S. at 453, 92 S.Ct. at 1661.

For the reason that Kim was entitled to assert his constitutional privilege in refusing to answer the specific question posed by the committee, the indictment is dismissed. In view of the foregoing, it is not necessary to reach defendant's remaining grounds for dismissal.